UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Yvonne Denise Nelson, | ) C/A No. 4:12-02070-RBH-TER |
|---|---|
| Appellant, | ) |
| vs. | ) |
| Kevin Campbell, | ) |
| Trustee, | ) Report and Recommendation |

This appeal, by Yvonne Denise Nelson (Appellant), from an Order issued by the United States Bankruptcy Court for the District of South Carolina, is before the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to the provisions of 28 U.S.C. § 636. Appellant seeks review of a Bankruptcy Court Order issued on May 23, 2012, "Discharging Trustee and Closing Case without Debtor Discharge." ECF No. 5-1, page 1. Appellant filed correspondence with the Bankruptcy Court, which it construed as a motion to reconsider the order closing the case. ECF No. 5-2. The Court issued an order on June 4, 2012, denying Appellant's motion to reconsider, but indicating that Appellant could request the reopening of her case if she completes a financial management course and files a certificate of such completion with the Bankruptcy Court. *Id.* Appellant filed a notice of appeal on June 13, 2012. ECF No. 5-4, pages 4-5.

## **Background**

The Bankruptcy Court's designated record indicates that it notified Appellant by letter on June 15, 2012, that her Notice of Appeal had been filed. *Id.* at -3. The letter directed Appellant to file in that "office and serve on the [Trustee], within fourteen days after the filing of the notice of appeal, a designation of the items to be included in the record on appeal and a statement of the issues

to be presented pursuant to" the Federal Rules of Bankruptcy Procedure. *Id.;see also* Fed. R. Bankr. P. 8006. The Bankruptcy Court also issued Appellant letters on June 15, 2012, and June 28, 2012, notifying Appellant that she must submit payment of the filing fee for the appeal, pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure. ECF No.'s 5-5, 5-6. Appellant did not respond to the Bankruptcy Court's letters prior to entry of the designated record in this case on July 25, 2012. ECF No. 5.

Therefore, on August 20, 2012, the undersigned issued an order giving Appellant notice of, and an opportunity to cure, the procedural deficiencies in this appeal. ECF No. 8. Appellant did not correct the procedural deficiencies in the time allowed by the order, but did file a letter indicating that she "missed the deadline for response due to circumstances and situations that have caused an effect to [Appellant's] over-all health." ECF No. 10, page 1. A second order, issued on September 17, 2012, provided Appellant fourteen additional days to submit the filing fee for an appeal, as required by Fed. R. Bank. P. 8001, and submit a designation of items to be included in the record on appeal and a statement of the issues to be presented as required by Fed. R. Bankr. P. 8006. ECF No. 15. Appellant did not respond to the second order.

Final orders of the Bankruptcy Court are appealable to the District Court pursuant to 28 U.S.C. § 158(a)(1). However, it is well established that "[i]f an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997). Rule 8001(a) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, as follows: "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."

Before a court may dismiss an appeal for violation of a procedural rule, it must take the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives. *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992); *see also In re Weiss,* 111 F.3d at 1173 ("'a proper application of [the] test will normally require a district court to consider and balance all relevant factors.'")(citing *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995)).

Dismissal is a "harsh sanction which a district court must not impose lightly." *In re Serra Builders, Inc.*, 970 F.2d at 1311. Therefore, in addition to the letters sent to Appellant by the Bankruptcy Court, this Court twice provided Appellant notice of, and an opportunity to cure, the violations of Rules 8001 and 8006 of the Federal Rules of Bankruptcy Procedure in this case. Appellant's failure to comply with this Court's orders, if not intentional and in bad faith, is clearly negligent. *See Riffin v. Baltimore County, Md.*, Civil Action No. ELH-12-897, 2012 WL 2915251 at *4 (D. Md. July 16, 2012). Further, Appellant's failure to follow the procedural rules in this appeal burdens the Court's docket, unnecessarily delays resolution of the controversies in this case, and is prejudicial to the prompt administration of justice. *Id.* at *5; *see also In re Cabrera*, Civil No. 3:07cv430, 2007 WL 4380275 at *3 (W.D.N.C. Dec. 11, 2007)(failure to file transcript prejudiced Trustee in the prompt administration of the bankrupt estate). As noted above, the Bankruptcy Court has allowed Appellant an opportunity to request reopening of the case, without payment of a filing fee, if she completes the required financial management course. ECF No. 5-2. Thus, dismissal of this appeal will not foreclose Appellant's ability to seek Chapter 7 discharge. As Appellant has failed to respond to, or comply with, repeated directives from the Bankruptcy Court and this Court

3

to cure the procedural deficiencies in this appeal, it does not appear that any lesser sanction would provide incentive for Appellant to pay the filing fee, submit her designation of items to be included in the record, and submit a statement of the issues to be presented on appeal. Thus, the Court finds that dismissal of the appeal is appropriate under Federal Rule of Bankruptcy Procedure 8001(a).

<u>Conclusion</u>

Accordingly, it is recommended that the District Court deny Appellant leave to appeal the Bankruptcy Court Order and dismiss the instant action.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

November 16, 2012  
Florence, South Carolina

***<u>Appellant's attention is directed to the important notice on the next page.</u>***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).